# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-03041-01-CR-S-RED |
| | ) | |
| **BRUCE DEWAYNE JENSEN**, | ) | |
| | ) | |
| Defendant. | ) | |

# PLEA AGREEMENT

The following agreement has been made between BRUCE DEWAYNE JENSEN, defendant, by and through his undersigned counsel, and the United States of America, by and through the United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney. There are no agreements or understandings as to the disposition of this case other than those set forth herein.

1. Defendant acknowledges that he was charged in a single-count Indictment returned on March 3, 2004, which charges a violation of Title 18, United States Code, Section 876, that is, mailing a threatening communication (letter). Defendant agrees to plead guilty to the Indictment. By entering into this Plea Agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

2. The parties agree that the facts constituting the offense charged in the Indictment to which defendant is pleading guilty are as follows:

> Defendant was an inmate in the U.S. Bureau of Prisons by virtue of a federal conviction for threatening the President of the United States while he was serving a felony sentence in an Oregon state prison. Following sentencing on the threat to the president, the defendant was assigned to FCI Greenville, IL. Defendant was scheduled for release from imprisonment in April 2004. Upon complaints of

mental problems, defendant was transferred to the U.S. Medical Center for Federal Prisoners (USMCFP) and placed in the Mental Health Unit.

On October 21, 2003, a Pro Se Attorney for the Western District of Missouri, received a letter in her office in Kansas City, Missouri. The envelope was postmarked October 20, 2003 and labeled as "Legal Mail." The letter addressed "Judge Whipple" and was signed "Bruce Jensen" and included defendant's inmate number. The letter, consisting of a single paragraph, acknowledged that the judge did not know defendant and queried whether writing the letter was a crime, but concluded that the writer really didn't care. The letter stated that defendant would "get out in six months" and would be "coming to try to kill you." As "reasoning" the letter stated that "I hate the government and All who work for them." It continued that "I'm gonna kill you execution style," further explaining "that style is when your on you knees faces me And I shoot you wright between the eyes." It concluded with stating that once out of prison "I'm gonna really get you as paybacks for All the convicts you sent away for long sentences."

When interviewed by the FBI, in the presence of a prison investigator, and after advise and written waiver of his constitutional rights, defendant admitted orally to writing the letter. Defendant said he wrote the letter on October 19, 2003 (a Sunday) and mailed it the next day, marking the envelope with the words "Legal Mail" so the prison authorities would not read it. Defendant said he obtained Judge Whipple's name from another inmate. He said he was angry for being in prison and picked the chief judge to express his anger. Defendant said he also hoped to be transferred to Kansas City, his home town, so it would be easier for family members to visit him.

Defendant filed a motion for mental evaluation to determine his sanity at the time of the offense. Defendant acknowledges that the evaluation found him not to be suffering from any mental disorder that rendered him unable to appreciate the nature, quality, or wrongfulness of his actions during the time period of the offense.

3. The defendant also acknowledges and agrees that all other uncharged related criminal activity has been considered as "relevant conduct" for purposes of calculating the offense level for the offense charged in the Indictment, in accordance with U.S.S.G. § 1B1.3(a)(2).

4. The defendant understands that the maximum sentence which may be imposed as to the offense charged in the Indictment to which he has agreed to plead guilty is not more than five (5) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100

mandatory special assessment. The defendant further understands that of the offense to which he is pleading guilty is a Class D felony.

5. The defendant acknowledges that he has discussed the issue of supervised release with his attorney and that he understands the nature and the effects of supervised release. In particular, the defendant understands that a violation of a condition of his supervised release may result in the revocation of supervised release and the imposition of an additional term of imprisonment of not more than two (2) years, and that he may be required to fully serve the new term of imprisonment without receiving credit for time previously served during post release supervision. The defendant further understands that if he violates a condition of supervised release term the may impose, in addition to a new term of imprisonment, a new supervised release term of not more than two (2) years, less the term of imprisonment imposed upon revocation of the defendant's supervised release.

6. The defendant understands that this Plea Agreement binds only the defendant and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority.

7. In return for the defendant's plea of guilty to the charge set forth in the Indictment, the United States Attorney for the Western District of Missouri agrees not to file any additional charges against defendant arising out of the present offenses or investigation in the Western District of Missouri. Further, the government agrees to recommend a sentence at the low end of the guidelines range. However, the defendant understands this Plea Agreement does not foreclose any prosecution for an act of physical violence against a person of another, or any conspiracy to commit any such act of violence. In the event that the defendant breaches or

violates this Plea Agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have resulted. The defendant understands and agrees that in the event he violates this Plea Agreement, all statements made by him to law enforcement agents subsequent to the execution of this Plea Agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, Section 11(e)(6), Federal Rules of Evidence, Section 410, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this Plea Agreement.

8. The parties agree, pursuant to Rule 11 (c)(1)(C) that defendant be allowed to withdraw his plea of guilty if the Court cannot follow the provisions contained herein.

9. The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the Clerk of the Court a check payable to the Clerk in the appropriate amount no later than the date of his sentencing.

10. The defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to those Sentencing Guidelines. Defendant is aware that a sentence imposed under the Sentencing Guidelines does not provide for parole. The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the

statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

The defendant also consents to judicial fact-finding by a preponderance of the evidence of all matters pertaining to a determination of the defendant's sentence under the United States Sentencing Guidelines. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the court, in finding the facts relevant to the imposition of sentence under the Guidelines, may consider any reliable information, including hearsay.

The parties expressly waive the right to appeal or collaterally attack by post-conviction motion any sentencing issue, including the applicability of certain U.S. Sentencing Guidelines provisions, which have been addressed and agreed upon in this Plea Agreement, and which are set forth in paragraph 12. Each party retains the right to appeal only sentencing issues which have not been agreed-upon or which have not been specifically addressed in the Plea Agreement. The defendant expressly waives the right to appeal or collaterally attack by post-conviction motion all other issues.

11. The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include

information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.

12. With respect to the application of the sentencing guidelines to this case, the parties agree as follows:

    a. The applicable guideline section for the offenses of conviction is 2A6.1. The base offense level for defendant under subsection (a)(1) is 12.

    b. Because the victim (federal district court judge) qualifies as an "official victim," section 3A1.2(a) mandates an increase of 3 levels.

    c. The defendant has admitted his guilt and has accepted responsibility for his actions, and he has done so in a timely fashion, allowing the United States to avoid the time and expense of preparing for trial. Consequently, the United States believes defendant may be entitled to a two-level reduction pursuant to Section 3E1.1 of the Sentencing Guidelines.

    d. Defendant's total offense level, therefore, is 13.

    e. Defendant should be sentenced at the low end of the applicable guideline range.

    f. The United States agrees not to seek an upward departure from the Guidelines and defendant agrees to not seek a downward departure from the Guidelines.

13. There are no agreements between the parties with respect to any sentencing guideline issues other than those specifically listed in paragraph 12, and its subsections. As to

any other issues which may be found to exist, the parties are free to advocate their respective positions at the sentencing hearing.

14. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. The defendant understands that the United States reserves the right in this case to:

    a.    oppose or take issue with any position advanced by defendant at the sentencing hearing which may be inconsistent with the provisions of this Plea Agreement;

    b.    comment on the evidence supporting the charge in the Information;

    c.    oppose any arguments and requests for relief the defendant may advance on an appeal from the sentences imposed;

    d.    oppose any post-conviction motions for reduction of sentence, or other relief.

16. The defendant has read the Plea Agreement, understands it, and by his signature, states that it is true and accurate and not the result of any threats or coercion. Both parties agree that no promises or agreements have been made other than those set forth in the Plea Agreement, nor has the United States promised the defendant any additional consideration to induce him to sign this Plea Agreement. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty freely and voluntarily. The defendant further acknowledges his understanding of the nature of the offense or offenses to which he is pleading guilty and the elements of the offense or offenses, including the penalties provided by law, and his complete satisfaction with the representation and advice received from his undersigned counsel. The

defendant also understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense. Defendant understands that by pleading guilty, he waives or gives up those rights and there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pled guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement. The defendant also understands he has pled guilty to a felony offense and, as a result, may be deprived of certain rights, such as the right to vote, hold public office, serve on a jury, and possess a firearm.

        Todd P. Graves
        United States Attorney

Dated: __11/24/04__    By    __/s/__
        Michael A. Jones
        Deputy United States Attorney

Dated: __11/24/04__      __/s/__
        Bruce Dewayne Jensen
        Defendant

Dated: __11/24/04__      __/s/__
        Nancy R. Price
        Attorney for Defendant